**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| JITTANIA SMITH, an individual, and KATHRYN COSTELLO, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZULILY, LLC, a limited liability company, and REGENT, L.P., a limited partnership,<br><br>Defendants. | **CLASS ACTION**<br><br>NO. 2:24-cv-01480<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT – CLASS ACTION

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504

**TABLE OF CONTENTS**

I. NATURE OF THE CLAIMS ................................................................................... 1

II. JURISDICTION AND VENUE ............................................................................. 2

III. PARTIES ................................................................................................................ 3

    A. The Plaintiffs ............................................................................................. 3

    B. The Defendants ......................................................................................... 4

IV. FACTS ................................................................................................................... 4

    A. Zulily's Business and Employees .............................................................. 4

    B. Defendant Regent Acquires Defendant Zulily .......................................... 7

    C. Defendant Regent Liquidates Zulily and Fails to Give WARN Act Notice ..... 7

V. CLASS ACTION ALLEGATIONS ..................................................................... 10

VI. CLAIMS FOR RELIEF ....................................................................................... 13

    COUNT I ............................................................................................................. 13

    COUNT II ........................................................................................................... 14

VII. PRAYER FOR RELIEF ...................................................................................... 15

VIII. JURY DEMAND .................................................................................................. 15

# I. NATURE OF THE CLAIMS

1. This matter is a class action for systemic violations of the federal Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"), and for related state-law claims of failure to timely pay wages.

2. Defendant Zulily, LLC is an e-commerce company that sells various merchandise out of its fulfillment centers. At its peak, the company was worth billions of dollars and employed around 1,000 people. But since its initial public offering in November of 2013, the company was continually sold to new owners who struggled to maintain its profitability.

3. In May of 2023, private equity firm Defendant Regent, L.P. purchased Defendant Zulily, LLC. As a result of this acquisition, the former owned, operated, and controlled the latter. By December of 2023, however, Defendant Regent, L.P. decided that Defendant Zulily, LLC was no longer a viable company and chose to voluntarily liquidate it. As part of this voluntary liquidation, Defendant Regent, L.P. ordered the layoff all 839 remaining employees of Defendant Zulily, LLC, divided by state as follows: (a) 292 employees working at or reporting to the company headquarters in Seattle, Washington; (b) 273 employees working at or reporting to a fulfillment center in McCarran, Nevada; and (c) 274 employees working at or reporting to a fulfillment center in Lockbourne, Ohio.

4. When Defendant Regent, L.P. ordered these layoffs, neither it nor Defendant Zulily, LLC provided sixty-day WARN Act notices or pay to all affected employees. Instead, they provided it only to affected employees who worked in-person. Defendant Regent, L.P. decided it could save money in the liquidation process if it did not provide sixty-day WARN Act notices or pay to any employees who worked remotely. Specifically, management disclosed to some of the laid-off employees that Defendant Regent, L.P.'s lawyers had supposedly found a

"loophole" in the WARN Act for remote workers under which the statute allegedly did not apply to them. This was not accurate, however, and the WARN Act does in fact cover remote workers who are affected by a "plant closing" or "mass layoff" as defined by the statute.

5. Plaintiffs are some of those affected remote workers from the State of Washington. They worked remotely for Defendant Zulily, LLC, were laid off, and did not receive sixty days of notice or pay under the WARN Act. They are entitled to those wages, plus the applicable penalties under state law for failure to timely pay those wages. Plaintiffs intend to represent, in this class action, all of Defendant Zulily, LLC's remote workers in the State of Washington and the State of Nevada who were wrongfully denied their rights under the WARN Act and related state law.[1]

6. Accordingly, Plaintiffs have filed this putative class action. They seek to recover for the harm they and others similarly situated have suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II.   JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims made under state law because those claims are so related to the claims made under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] A separate putative class action is pending in the United States District Court of the Southern District of Ohio, Eastern Division for remote employees who reported to the Lockbourne, Ohio fulfillment center. That case is captioned *Douglas*, et al. *v. Zulily, LLC*, et al., Case No. 2:24-cv-02916-SDM-KAJ.

COMPLAINT – CLASS ACTION – 2

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504

9. Pursuant to RCW 4.28.185 and the Due Process Clause of the federal Constitution, this Court has personal jurisdiction over Defendant Zulily, LLC because it has continuous and systematic contacts with the State of Washington.

10. Pursuant to RCW 4.28.185 and the Due Process Clause of the federal Constitution, this Court has personal jurisdiction over Defendant Regent, L.P. for the following reasons: it transacted business in this state; it caused tortious injury by an act or omission in this state; it caused tortious injury in this state to Plaintiffs by an act outside this state committed with the purpose of injuring Plaintiffs, when it might reasonably have expected that some person would be injured thereby in this state; and/or it purposefully availed itself of the privilege of acting in Washington, the causes of action arise out of its activities in Washington, and the exercise of jurisdiction over it is reasonable.

11. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the appropriate venue because the Western District of Washington is a judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

12. Pursuant to Rule 3(e) of the Local Civil Rules of the United States District Court for the Western District of Washington, the Seattle Division is the appropriate division because the defendants are not residents of the State of Washington and a substantial part of the events or omissions giving rise to the claims for relief occurred in King County, Washington.

### III. PARTIES

**A.  The Plaintiffs**

13. Plaintiff Jittania Smith ("Plaintiff Smith") is an individual who is a resident of King County, Washington. She worked for Defendant Zulily, LLC as a Software Development Engineer I from March of 2022 until she was laid off on December 13, 2023.

14. Plaintiff Kathryn Costello ("Plaintiff Costello") is an individual who is a resident of King County, Washington. She worked for Defendant Zulily, LLC as a Merchandise Manager from May of 2013 until she was laid off on October 28, 2023.

B. **The Defendants**

15. Defendant Zulily, LLC ("Defendant Zulily") is a limited liability company that formed in the State of Delaware and has its principal place of business in King County, Washington. It was owned, operated, and controlled by Defendant Regent, L.P., a private equity firm based in Los Angeles County, California. Upon information or belief, Defendant Regent, L.P. was one of Defendant Zulily's members. Plaintiffs otherwise do not know the identities, or states of citizenship, of Defendant Zulily's members. Defendant Zulily was an e-commerce company that sold various merchandise at fulfillment centers. The merchandise primarily consisted of clothes, toys, and home décor.

16. Defendant Regent, L.P. ("Defendant Regent") is a limited partnership that formed in the State of California and has its principal place of business in Los Angeles County, California. Plaintiffs do not know the identities, or states of citizenship, of Defendant Regent's partners. As noted, Defendant Regent is a California-based private equity firm that owned, operated, and controlled Defendant Zulily from May of 2023 up until its liquidation on or about December of 2023.

IV. **FACTS**

A. **Zulily's Business and Employees**

17. In 2009, Defendant Zulily was founded by former executives of an online jewelry retailer. The company's website went live on January 27, 2010, with an initial focus on selling children's apparel.

COMPLAINT – CLASS ACTION – 4

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504

18. By November of 2013, Defendant Zulily went public by undertaking its initial public offering or "IPO." At the time, the company had around 2.6 million active customers and around $331 million in annual revenue.

19. Defendant Zulily's business model was to sell the products of its suppliers online on its website, delivering them from various brick-and-mortar fulfillment centers.

20. In support of that business model, Defendant Zulily had employees (a) that worked in-person at its corporate headquarters; (b) that worked in-person at its fulfillment centers around the country; and/or (c) worked remotely from home all or some of the time.

21. Defendant Zulily's remote workers were all assigned to or tied to specific brick-and-mortar locations. By "assigned or tied to," that means these brick-and-mortar locations were their home base, the location from which their work was assigned, or the location to which they reported to supervisors or other management.

22. As an example, Defendant Zulily permitted some employees assigned to the corporate headquarters in Seattle, Washington to work remotely from home some or all the time. However, they still reported to the corporate office, received their company-provided supplies or equipment from the corporate office, received their IT and human resources support out of the corporate office, and had to attend meetings at the corporate office with their supervisors or others for a variety of work-related matters. Under this arrangement, the employees working remotely from home still had ultimate supervisors with physical offices at the corporate headquarters to whom they reported and from whom they received their direction, performance evaluations, discipline, promotions, raises, and other positive or adverse employment actions.

23. As another example, Defendant Zulily permitted some employees assigned to its fulfillment centers to work remotely from home some or all the time. However, they still

reported to the fulfillment center, received their company-provided supplies or equipment from their assigned fulfillment center, received their IT and human resources support from their assigned fulfillment center, and had to attend meetings at their assigned fulfillment center with their supervisors or others for a variety of work-related matters. Under this arrangement, the employees working remotely from home still had ultimate supervisors with physical offices at the fulfillment centers to whom they reported and from whom they received their direction, performance evaluations, discipline, promotions, raises, and other positive or adverse employment actions.

24. As a result, despite being remote workers, all employees of Defendant Zulily reported to some physical location of the company as their "home base."

25. Plaintiff Smith and Plaintiff Costello are examples of remote workers assigned to Defendant Zulily's headquarters in Seattle, Washington. They and their other co-workers who worked remotely from their homes remained assigned to Seattle headquarters as their "home base." As a result, they received their direction, performance evaluations, discipline, promotions, raises, and other positive or adverse employment actions from that physical location. As just one example, they were required by Defendant Zulily's company policy to work in person in the office three to five days a month for, among other things, meetings with their supervisors regarding various work matters.

26. Alex Douglas and Samuel Prestwood are two examples of remote workers assigned to Defendant Zulily's fulfillment center in Lockbourne, Ohio. When they were initially permitted to work remotely from their homes, the company required them to live within fifty miles of their assigned fulfillment center because they needed to be able to physically visit the Lockbourne fulfillment center to attend in-person meetings with their supervisors or other

management personnel, obtain company-provided equipment such as their computers, and receive IT and human resources support. During their employment with Defendant Zulily, they remained assigned to the Lockbourne fulfillment center as their "home base," receiving their direction, performance evaluations, discipline, promotions, raises, and other positive or adverse employment actions from that physical location.

**B.    Defendant Regent Acquires Defendant Zulily**

27.    In August of 2015, a couple years after going public, Defendant Zulily was purchased by Qurate Retail, Inc., also known as Qurate Retail Group ("Qurate").

28.    Eight years later, in May of 2023, Qurate's stock had declined substantially. To avoid being delisted due to the decline, Qurate sold Defendant Zulily to Defendant Regent.

29.    At that time Qurate sold to Defendant Regent, the latter had owned, operated, and controlled various companies. This included various retail and e-commerce companies.

30.    At that time Qurate sold to Defendant Regent, Defendant Zulily's revenue had dropped significantly and there had been several layoffs.

**C.    Defendant Regent Liquidates Zulily and Fails to Give WARN Act Notice**

31.    Initially, after the purchase, Defendant Regent attempted to make Defendant Zulily profitable. But by December of 2023, Defendant Regent made the decision that it could not continue to own, operate, and control Defendant Zulily.

32.    As a result, Defendant Regent ordered the voluntary liquidation of Defendant Zulily while the company was still solvent. The former decided to close the latter and undertake what is called an "Assignment for the Benefit of Creditors" or "ABC." This was essentially an orderly wind-down of Defendant Zulily to satisfy the claims of creditors. Defendant Regent hired the Douglas Wilson Companies to complete that liquidation.

33. When Defendant Regent ordered the voluntarily liquidation of Defendant Zulily, it also ordered the following: the layoff of all remaining employees of Defendant Zulily, the closing of the corporate headquarters, and the closing of both fulfillment centers. The headquarters employed at least 50 or more employees including both in-person and remote workers assigned to the headquarters, all of whom lost their jobs. The fulfillment centers all employed 50 or more employees including both in-person and remote workers assigned to the fulfillment centers, all of whom lost their jobs.

34. In total, Defendant Regent ordered the mass layoff of 292 employees in the State of Washington, 273 employees in the State of Nevada, and 274 employees in the State of Ohio. These layoffs occurred in waves: one layoff in October of 2023, and two layoffs in December of 2023. Together, the layoffs were all part of the same decision ordered by Defendant Regent: to liquidate Defendant Zulily.

35. On December 7, 2023, Defendant Zulily provided WARN Act notices to the State of Washington, State of Nevada, and State of Ohio as required by 29 U.S.C. § 2102(a)(2).

36. A true and accurate copy of Defendant Zulily's WARN Act notice to the State of Washington is attached as Exhibit 1 to this Complaint.

37. A true and accurate copy of Defendant Zulily's WARN Act notice to the State of Nevada is attached as Exhibit 2 to this Complaint.

38. A true and accurate copy of Defendant Zulily's WARN Act notice to the State of Ohio is attached as Exhibit 3 to this Complaint.

39. As reflected in these three WARN Act notices, Defendant Zulily identified the shutdown of its headquarters and two fulfillment centers as permanent "plant closings" under the WARN Act. The company then stated that both employees working in-person at these facilities

and employees working remotely but who "reported to" these facilities were being laid off "as a result" of the shutdown of these facilities or, to put in the WARN Act's terms, "as a consequence" of these "plant closings."

40. When Defendant Regent ordered the voluntary liquidation of Defendant Zulily, it also decided whether to give employees the sixty days of advance notice or pay-in-lieu-of-notice required by the WARN Act. Defendant Regent decided to give WARN Act notice or pay-in-lieu-of-notice to employees who worked completely in person while denying it to employees who worked remotely, either some or all the time. Defendant Regent made the calculated decision, in consultation with its lawyers, that it could save money because of an alleged loophole in the WARN Act; namely, that it supposedly did not apply to fully or partially remote workers. However, that is not correct. The WARN Act does, in fact, apply to both fully and partially remote workers. Certain members of management told laid-off employees that Defendant Regent had made the decision to not provide WARN Act notice or pay to remote workers for these reasons.

41. When Defendant Regent ordered the voluntary liquidation of Defendant Zulily, it also decided whether to give certain laid off employees other jobs at other companies owned, operated, and controlled by Defendant Regent. Some employees were offered transfers to other companies under Defendant Regent's portfolio.

42. Plaintiffs were all notified in October of 2023 or December of 2023 that they were being laid off. They did not receive sixty days' advance notice or, alternatively, sixty days of pay-in-lieu-of-notice. They also did not receive offers of employment at other companies under Defendant Regent's portfolio. Instead, their employment was terminated immediately.

## V.   CLASS ACTION ALLEGATIONS

43. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

44. Plaintiffs bring Count I on behalf of themselves and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) seeking damages on behalf of the following class (the "Federal WARN Act Class"):

> **All employees of Defendant Zulily, LLC for whom the following are true: (i) who had their employment terminated as a consequence of the headquarters in Seattle, Washington and/or the fulfillment center in McCarran, Nevada being permanently closed; and (ii) who did not receive sixty days' advance notice or pay and benefits in lieu of notice.**

45. Plaintiffs bring Count II on behalf of themselves and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) seeking damages on behalf of the following class (the "Washington State Law Class"):

> **All members of the Federal WARN Act Class who worked for Defendant Zulily, LLC in the State of Washington.**

46. While Plaintiffs do not know the exact number of people within the Federal WARN Act Class and the Washington State Law Class (collectively, the "Classes"), there are likely to be at least fifty, or more, given that the total number of employees laid off.

47. Common questions of law and fact exist as to all members of the Classes. All employees were subject to the same common decisions by Defendant Regent: (a) to order the liquidation of Defendant Zulily and (b) to order the layoff of all employees of Defendant Zulily. As a result, common questions of law and fact including without limitation the following:

   a. Whether Defendant Regent is an "employer" of the members of the Classes for purposes of the WARN Act under the "single employer doctrine." *See, e.g., Fleming v. Bayou Steel Bd. of Holdings II, L.L.C.*, 83 F.4th 278, 294-299 (5th Cir. 2023)

(finding genuine issues of material fact on whether a private equity firm that ordered a mass layoff or plant closing at one of its portfolio companies could be held liable under the WARN Act and the single employer doctrine); *Hampton v. Navigation Capital Partners, Inc.*, 64 F.Supp.3d 622, 624-30 (D. Del. 2014) (denying a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because a private equity firm that ordered a plant closing or mass layoff could be held liable under the WARN Act and the single employer doctrine); *Rangel v. Cardell Cabinetry, LLC*, No. SA-13-CA-843, 2014 U.S. Dist. LEXIS 190077, at *3-13 (W.D. Tex. Jan. 17, 2014) (same); *Young v. Fortis Plastics, LLC*, No. 3:12-cv-364, 2013 U.S. Dist. LEXIS 137075, at *8-22 (N.D. Ind. Sep. 24, 2013) (same).

    b.    Whether Defendant Regent is an "employer" of the members of the Washington State Law Class for purposes of the RCW 49.52.050.

    c.    Whether the remote employees of Defendant Zulily are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5). *See, e.g.*, *Hoover v. Drivetrain LLC*, Adv. Pro. No. 20-50966, 2022 Bankr. LEXIS 2312, at *9-15 (D. Del. Bankr. Aug. 19, 2022) (WARN Act case certifying a class of remote workers by finding they could be considered "outstationed" under 20 C.F.R. § 639.3(i)(6)) ("While the focus of the regulation . . . appears to be more on 'mobile' employees . . . [rather] than those who telecommute from home offices, the text of the regulation undoubtedly covers remote employees."); *Pirion v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19-cv-709, 2022 U.S. Dist. LEXIS 21926, at *5-7, 13-14, 21-38 (E.D. Va. Feb. 7, 2022) (same after denying the employer's motion to dismiss which argued that remote workers are allegedly not covered by the WARN Act); *Gray v. Oracle Corp.,* No. 2:05-cv-534, 2006 U.S. Dist. LEXIS 75781, at *1-5 (D. Utah Oct. 17, 2006) (denying an employer's motion

for summary judgment claiming that remote workers are allegedly not covered by the WARN Act and instead agreeing remote employees working from home could be considered "outstationed" under 20 C.F.R. § 639.3(i)(6))); *Kephart v. Data Sys. Int'l, Inc.*, 243 F.Supp.2d 1205, 1217-23 (D. Kan. 2003) (same); *see also Landgrave v. ForTecMed, Inc.*, 581 F.Supp.3d 804, 812-15 (W.D. Tex. 2022) (FMLA case finding that the term "single site of employment" under the WARN Act was intended by Congress to be identical to the term "worksite" under the FMLA and finding that the "worksite" of remote workers, consistent with both WARN Act and FMLA case law, was the "home base" to which they reported and not their homes from which they performed their work); *Nameth v. Celina Fin. Corp.*, No. 1:04-cv-2282, 2006 U.S. Dist. LEXIS 8908, at *12-20 (N.D. Ohio Mar. 2, 2006) (FMLA case finding that the "worksite" of an employee who worked from home, which is interpreted the same as "single site of employment" under the WARN Act, was the company's headquarters to which she reported).

   d. Whether Defendant Regent ordered and/or Defendant Zulily conducted a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2).

   e. Whether Defendant Regent ordered and/or Defendant Zulily conducted a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3).

   f. The back pay Defendants owe Plaintiffs and the members of the Classes.

   g. The liquidated damages Defendants owe Plaintiffs and the members of the Classes.

   h. The attorneys' fees Defendants owe Plaintiffs and the members of the Classes.

48. The claims of Plaintiffs are typical of the claims belonging to the Classes. Plaintiffs and members of the Classes are all similarly affected.

49. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Classes. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of employment and class litigation.

50. For the claims asserted by the Classes, the common questions of law and fact predominate over any individual questions. Furthermore, class action treatment is a superior method for the fair and efficient adjudication of the controversy because such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication that individual actions would cause. Finally, the benefits of proceeding through the class mechanism substantially outweigh any difficulties that may arise in the management of this class action.

## VI. CLAIMS FOR RELIEF

### COUNT I

**Violation of the Worker Adjustment and Retraining Notification Act,
29 U.S.C. §§ 2101, et seq.
(Failure to Provide Advance Notice of a Plant Closing or Mass Layoff)**

**By Plaintiffs, on Behalf of Themselves and the Federal WARN Act Class,
Against All Defendants**

51. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

52. Plaintiffs and all others similarly situated were at all relevant times "affected employee[s]" within the meaning of the 29 U.S.C. § 2101(a)(5).

53. Defendants were at all relevant times "employer[s]" within the meaning of 29 U.S.C. § 2101(a)(1).

54. Plaintiffs and all others similarly situated were at all relevant times "aggrieved employee[s]" within the meaning of the 29 U.S.C. § 2104(a)(7) because they suffered an "employment loss" as a result of a "plant closing" or "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(2), 29 U.S.C. § 2101(a)(3), and 29 U.S.C. § 2101(a)(6).

55. Defendants violated 29 U.S.C. § 2102 when they failed to provide Plaintiffs and all others similarly situated sixty days' advance notice of the "plant closing" or "mass layoff" that resulted in Plaintiffs and all others similarly situated suffering an "employment loss."

56. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

57. Pursuant 29 U.S.C. § 2104(a)(6), Plaintiffs and all others similarly situated are entitled to their costs and reasonable attorneys' fees incurred in pursuing Count I.

## COUNT II

**Violation of the Washington Wage Rebate Act, Rev. Code Wash. § 49.52.050(2)**
**(Willful Failure to Pay Wages Owed)**

**By Plaintiffs, on Behalf of Themselves and the Washington State Law Class,**
**Against All Defendants**

58. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

59. Plaintiffs and all others similarly situated were at all relevant times "employee[s]" within the meaning of the RCW 49.52.050.

60. Defendants were at all relevant times "employer[s]" within the meaning of the RCW 49.52.050.

61. The sixty days of wages owed under the WARN Act in lieu of sixty days' advance notice constitute "wages" under state law. Defendants therefore violated RCW

49.52.050(2) when they willfully failed to pay Plaintiffs all others similarly situated all wages owed within the statutory and regulatory period.

62. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

63. Pursuant to RCW 49.52.070, Plaintiffs and all others similarly situated are entitled to liquidated damages in an amount equal to twice the unpaid wages.

64. Pursuant to RCW 49.52.070, Plaintiffs and all others similarly situated are entitled to their costs and reasonable attorneys' fees incurred in pursuing Count II.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor and in favor of the members of the Classes on all claims in this Complaint and request the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

C. All costs and expenses incurred in pursuing the claims against Defendants;

D. Pre- and post-judgment interest; and

E. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VIII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all claims and issues that are triable.

Respectfully submitted this 16th day of September, 2024.

By: /s/ Jason A. Rittereiser
Jason A. Rittereiser (Washington Bar No. 43628)
By: /s/ Claire E. Hunter
Claire E. Hunter (Washington Bar No. 48552)

COMPLAINT – CLASS ACTION – 15

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504

HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
jrittereiser@hkm.com
chunter@hkm.com

Jason E. Starling (Ohio Bar No. 0082619), *Pro Hac Vice Request To Be Filed Contemporaneously*
Willis Spangler Starling
4635 Trueman Boulevard, Suite 200
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

John C. Camillus (Ohio Bar No. 0077435), *Pro Hac Vice Request to Be Filed Contemporaneously*
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
Telephone: (614) 992-1000
Facsimile: (614) 559-6731
jcamillus@camilluslaw.com

*Attorneys for Plaintiffs Jittania Smith and Kathryn Costello*