UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JITTANIA SMITH, et al.,<br><br>                Plaintiff(s),<br>   v.<br><br>ZULILY, LLC, et al.,<br><br>                Defendant(s). | CASE NO. C24-1480-KKE<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

Plaintiffs formerly worked primarily remotely for Defendant Zulily, LLC, from their homes in Washington state and Ohio. In fall 2023, after Defendant Regent, L.P., purchased Zulily, Defendants terminated the employment of all its employees, including Plaintiffs. Zulily provided 60-day termination notices, or pay in lieu of notice, under the federal Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act") only to employees who worked in person at Zulily's headquarters in Seattle or at fulfillment centers in Ohio and Nevada. Plaintiffs contend that they were also entitled to 60-day WARN Act notification or pay as well. They filed this putative class action on behalf of a class of former Zulily employees who were terminated when Zulily's headquarters and fulfillment centers were permanently closed and who did not receive 60 days' notice or pay/benefits in lieu of notice. Dkt. No. 18.[1]

---

[1] Plaintiffs amended their complaint after Defendants filed a previous motion to dismiss. *See* Dkt. Nos. 14, 18.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 1

Defendants filed a motion to dismiss Plaintiffs' operative complaint, contending that Plaintiffs cannot plead a claim for violation of the WARN Act because it does not apply to Plaintiffs, who worked primarily from home and therefore did not work at a site with more than 50 employees. Dkt. No. 21.[2] They also argue that Plaintiffs' state-law wage claims based on Defendants' failure to pay WARN Act damages in lieu of notice also fail because WARN Act damages are not "wages" owed under applicable wage statutes. *Id.*

The Court finds that Defendants have raised arguments that question the merits of Plaintiffs' claims, but they have not shown that the claims fail as a matter of law. Accordingly, the Court will deny Defendants' motion to dismiss.

## I. BACKGROUND[3]

Zulily is an e-commerce business that sells merchandise from its fulfillment centers. Dkt. No. 18 ¶ 2. Zulily was purchased by private equity firm Defendant Regent, L.P., in May 2023. *Id.* ¶ 3. Regent voluntarily liquidated Zulily later that year, and accordingly terminated the employment of all Zulily employees between October and December 2023. *Id.* Defendants provided 60-day notices, or pay in lieu of notice, consistent with the requirements of the WARN Act, to Zulily employees who worked in person at the corporate headquarters in Seattle, or in fulfillment centers in Nevada and Ohio. *Id.* ¶ 4. Defendants did not provide 60-day notices or pay in lieu of notice to any employees who worked remotely. *Id.*

Plaintiffs are four of the employees who worked for Zulily remotely from their homes most or all of the time in Washington and Ohio, who did not receive 60-day notices or wages/benefits in lieu of notice, under the WARN Act, when their employment was terminated. Dkt. No. 18

---

[2] This order cites to the parties' briefing using CM/ECF page numbers.

[3] The factual assertions in this section are taken primarily from the operative complaint (Dkt. No. 18) and assumed to be true for purposes of resolving this motion.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 2

¶¶ 45–46. Plaintiffs Jittania Smith, Alex Douglas, and Samuel Prestwood were notified on December 7, 2023, that they were being laid off, and their employment was terminated on December 13, 2023. *Id*. ¶ 45. Plaintiff Kathryn Costello was notified on October 26, 2023, that she was being laid off, along with more than 70 other employees, and her employment was terminated on October 28, 2023. *Id*. ¶ 46. Smith and Costello worked primarily from their homes in King County, Washington, and Douglas and Prestwood worked from their homes in Ohio. *Id*. ¶¶ 14–17.

Plaintiffs filed this putative class-action lawsuit, and their operative complaint asserts four claims against Defendants. Dkt. No. 18 at 17–21. First, Plaintiffs claim that Defendants violated the WARN Act by failing to provide advance notice of a plant closing or mass layoff. *Id*. ¶¶ 58–64. Plaintiffs' other claims depend on their first claim: contending that they were entitled to WARN Act notice or damages in lieu of notice, Plaintiffs bring claims under Washington and Ohio law based on Defendants' failure to pay them damages in lieu of notice. *Id*. ¶¶ 75–84.

Defendants moved to dismiss Plaintiffs' complaint, arguing that Plaintiffs were not entitled to WARN Act notice, and that even if they had been, any damages that would flow from a WARN Act violation are not "wages" for purposes of the state-law wage claims listed in the complaint. Dkt. No. 21. For the following reasons, the Court will deny Defendants' motion.

## II.   ANALYSIS

### A.   Legal Standards

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**B.      Plaintiffs Have Pleaded Valid WARN Act Claims.**

The WARN Act requires, with exceptions not at issue here, that an employer must provide 60 days' notice to "affected employees" and certain government officials in the event of a "mass layoff" or "plant closing." 29 U.S.C. §§ 2101, 2102. A "plant closing" is defined as the shutdown of a single site of employment that results in an employment loss at that site during any 30-day period for 50 or more employees (excluding part-time employees). *Id*. § 2101(a)(2). A "mass layoff" is a reduction in force that does not qualify as a plant closing and results in an employment loss at the single site of employment during any 30-day period for (1) at least 33 percent of the non-part-time employees and at least 50 non-part-time employees; or (2) at least 500 non-part-time employees. *Id*. § 2101(a)(3). The WARN Act defines "affected employees" to mean "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer[.]" *Id*. § 2101(a)(5). If an employer violates the notice provision of the WARN Act, each terminated employee is entitled to recover back pay and benefits for each day of violation, for up to a maximum of 60 days. *Id.* § 2104(a)(1). The purpose of the WARN Act is to "provide[] protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs." 20 C.F.R. § 639.1(a).

Defendants argue that Plaintiffs are not entitled to WARN Act protections because they each worked from their homes most of the time,[4] and therefore worked at a single site of

---

[4] Plaintiffs' complaint alleges that Plaintiffs were required to attend meetings in person occasionally, although they worked primarily from home. *See* Dkt. No. 18 ¶¶ 25–26, 28–29. Defendants characterize Plaintiffs as "home-based workers who performed little to no work at Zulily's company locations" (Dkt. No. 26 at 2), but this characterization is overbroad in light of Plaintiffs' allegation that Smith and Costello were required to work at the Seattle headquarters

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 4

employment with one employee. Dkt. No. 21 at 5. Because the WARN Act does not apply where a plant closing or mass layoff occurs at a single site of employment with fewer than 50 employees, Defendants contend that the WARN Act does not apply to Plaintiffs. *Id*. at 9.

Plaintiffs' operative complaint alleges that Zulily headquarters employed at least 50 employees assigned to that location (including people who worked in person and those working primarily remotely), and the same for the fulfillment centers, at the time of the October 2023 and December 2023 layoffs.[5] Dkt. No. 18 ¶¶ 36, 46–47. The complaint is not specific as to how many employees worked in person at any particular location, and how many worked primarily from home. *Id*. But given that Defendants provided WARN Act notice to the employees who worked in person (*id*. ¶ 4), Defendants concede that headquarters and the fulfillment centers constituted "single sites of employment" with at least 50 employees at each location. If the "single site of employment" requirement is presumed to be satisfied, there is authority to support the proposition that Plaintiffs qualify as employees "affected" by a "mass layoff" or "plant closing" at these "single sites of employment." *See, e.g.*, *Hoover v. Drivetrain LLC*, No. 20-50966, 2022 WL 3581103, at *4–5 (Bankr. D. Del. Aug. 19, 2022) (refusing to exclude employees who worked remotely from home from a certified class of "affected employees" who were terminated due to a mass layoff and/or plant closing); *Gray v. Oracle Corp.*, No. 2:05-CV-534 TS, 2006 WL 2987939, at *2 (D.

---

three to five days per month. Dkt. No. 18 ¶ 28. To the extent that any Plaintiff could be more accurately considered a "hybrid" employee rather than a fully "remote" employee, this distinction is not appreciable in Defendants' briefing and constitutes another basis for distinguishing the cases involving fully remote employees cited by Defendants. The factual circumstances of Plaintiffs' employment duties may be dispositive to the viability of their WARN Act claims, and those factual findings cannot be made in the context of a motion to dismiss.

[5] Although Defendants separately argue that Costello's WARN Act claim fails because her employment was terminated more than 30 days before Zulily headquarters was closed (Dkt. No. 21 at 9–11), Plaintiffs' complaint alleges that the October 2023 wave of layoffs was ordered after Defendants had already announced that headquarters would be closing. Dkt. No. 18 ¶ 48. Plaintiffs cite that allegation as a reason to include the October 2023 wave of layoffs in the termination totals for purposes of the December 2023 "plant closing." Dkt. No. 25 at 38 (citing *United Mine Workers of Am. v. Martinka Coal Co.*, 202 F.3d 717, 720–25 (4th Cir. 2000)). The Court finds Plaintiffs' complaint alleges facts that would support counting Costello's termination toward the subsequent "plant closing" alleged, and can consider that issue on its merits as necessary at a later stage of litigation.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 5

Utah Oct. 17, 2006) (finding a "close question" of fact as to whether an employee who worked remotely from his home was entitled to WARN Act notice when headquarters experienced a mass layoff).

Defendants note that these cases do not hold that remote workers should be considered "outstationed" or "mobile" as defined by 20 C.F.R. § 639.3(i)(6), such that they should be attributed to headquarters or a fulfillment center as their "single site of employment." Dkt. No. 26 at 5–7. Indeed, but these cases nonetheless support the possibility that Plaintiffs could be considered employees "affected" by the closing of the single sites of employment (*i.e.*, headquarters and fulfillment centers). Defendants dispute the applicability of these cases to fully remote workers, noting that "[n]o court has found at summary judgment, trial, or appeal that the outstationed worker regulation applies to non-mobile, home-office employees." Dkt. No. 26 at 7.

Even assuming that is true, the Court is considering this question at an even earlier stage of litigation (the pleading stage), and declines to conclude from mixed authority on the merits of Plaintiffs' claims that the claims fail as a matter of law. The Court is aware of authority indicating that fact questions abound with respect to the availability of WARN Act protection. *See, e.g.*, *Bader v. N. Line Layers, Inc.*, 503 F.3d 813, 819–22 (9th Cir. 2007) (discussing whether there is an issue of fact as to whether outstationed employees should be counted toward termination totals to determine whether a plant closing or mass layoff occurred at a "single site of employment"); *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 934 (5th Cir. 1994) ("Whether multiple work locations constitute a 'single site of employment' under WARN is a mixed question of fact and law."); *Kephart v. Data Sys. Intern., Inc.*, 243 F. Supp. 2d 1205, 1218–25 (D. Kan. 2003) (finding an issue of fact as to whether an outstationed employee was assigned to a particular location).

Defendants have not cited authority persuading the Court that its merits arguments should be resolved now, and have not cited binding authority indicating that Plaintiffs categorically

cannot, as a matter of law, assert a claim for a WARN Act violation as remote workers when the allegations of the complaint are accepted as true. Accordingly, the Court will not find Plaintiffs' WARN Act claims to be deficient as a matter of law. The claims may ultimately fail on their merits, in accordance with arguments made and cases cited by Defendants in their briefing, but those arguments should not be resolved at this stage of the litigation. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) ("In reviewing the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (cleaned up)).

C.   **Plaintiffs Have Pleaded Valid Wage Claims Under State Law.**

Plaintiffs' complaint lists wage claims under Washington and Ohio law, based on Defendants' failure to pay WARN Act wages in lieu of notice. Dkt. No. 18 ¶¶ 65–84.[6]

The Washington Wage Rebate Act prohibits an employer from paying an employee "a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract[.]" WASH. REV. CODE § 49.52.050(2). If the employer violates that prohibition, then the Act "creates civil liability, including double damages, costs, and attorney fees[.]" *Clipse v. Comm. Driver Servs., Inc.*, 358 P.3d 464, 469 (Wash. Ct. App. 2015) (citing WASH. REV. CODE § 49.52.070). "Therefore, an employer that willfully pays a lower wage than it is obligated to pay is liable for double damages[,]" and the "word 'obligated' implies a preexisting duty to pay a specific wage." *Id*.

Ohio's Prompt Pay Act requires that employers pay employees all "wages earned" within 30 days of regularly scheduled paydays and imposes certain penalties for non-compliance. *See* OHIO REV. CODE ANN. §§ 2307.60(A)(1), 4113.15(B), 4113.99(A) (West 2025). "Wage" is

---

[6] The Washington claims are brought by Smith dond Costello, and the Ohio claims by Douglas and Prestwood. Dkt. No. 18 ¶¶ 65–84. But for ease of reference, this order refers to the state claims as brought by "Plaintiffs" collectively.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 7

defined as "the net amount of money payable to an employee, including any guaranteed pay or reimbursement for expenses, less any federal, state, or local taxes withheld; any deductions made pursuant to a written agreement for the purpose of providing the employee with any fringe benefits; and any employee authorized deduction." *Id.* § 4113.15(D)(1).

Defendants request dismissal of all state-law wage claims, and the Court will address the Washington and Ohio claims separately.

### 1. Plaintiffs Have Stated Valid Washington Wage Rebate Act Claims.

Defendants request that the Court dismiss Plaintiffs' Washington wage claims because (1) the claims are derivative of the WARN Act claims, which should be dismissed; (2) Plaintiffs' state law wage claims are preempted because the WARN Act remedies are the "exclusive remedies" for violation of the statute; and (3) Defendants are not "obligated" to pay WARN Act wages until they are found to have violated the WARN Act, and thus Plaintiffs cannot maintain a claim for violation of the Wage Rebate Act that has not yet accrued. Dkt. No. 21 at 11–12.

As explained above, the Court will not dismiss Plaintiffs' WARN Act claims, and therefore rejects Defendants' first argument against the Washington wage claims.

The Court rejects Defendants' second argument—that Plaintiffs' Washington claims are preempted by the WARN Act's statement that its remedies are the "exclusive remedies" for violations of the WARN Act (29 U.S.C. § 2104(b))—because this argument overlooks that the WARN Act explicitly provides that employees are *not* precluded from seeking "other contractual or statutory rights and remedies" available to them. *See* 29 U.S.C. § 2105; *see also Kirkvold v. Dakota Pork Indus., Inc.*, No. 97-4166, 1997 WL 34862262, at *3 (D.S.D. Dec. 15, 1997) ("Plaintiff is limited to certain remedies by statute if she proves a WARN Act violation, but success under the WARN Act does not preclude her from seeking other remedies available under applicable laws or contracts.").

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 8

As to Defendants' third and last argument, Defendants cite authority from non-WARN Act contexts indicating that a retrospective award of back pay cannot support a Wage Act Rebate claim to recover damages beyond whatever is found owing under the WARN Act. *See Clipse*, 358 P.3d at 469–70 (finding that back pay damages awarded under the Washington Law Against Discrimination are not "wages" for purposes of the Wage Rebate Act); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1202–03 (9th Cir. 2002) (finding that back pay awarded by a jury was not "wages" withheld for purposes of the Wage Rebate Act because defendant was not obligated to pay that award until the jury awarded it). But other authority suggests that an employer's violation of a statutory obligation to pay a wage *can* give rise to a Wage Rebate Act claim. *See, e.g.*, *Allstot v. Edwards*, 60 P.3d 601, 604–05 (Wash. Ct. App. 2002) (finding that if an employer is obligated by statute to pay back wages, the willful failure to do so can give rise to a Wage Rebate Act claim).

Although Defendants contend that they have a bona fide dispute as to whether it is obligated to pay WARN Act damages to Plaintiffs (Dkt. No. 26 at 11), whether that dispute constitutes "willful" withholding for purposes of the Wage Rebate Act is a question of fact. *See Allstot*, 60 P.3d at 605. If the WARN Act is ultimately found to apply to Plaintiffs, and therefore Plaintiffs are entitled to damages under the WARN Act, such an award could justify a Wage Rebate Act claim for those unpaid amounts owed or withheld. *See, e.g.*, *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 7 F. App'x 753, 2001 WL 366784, at *1 (9th Cir. 2001) (considering the timeliness of an employer's WARN Act damages payment for purposes of a state claim for timely payment of wages); *Kirkvold*, 1997 WL 34862262, at *2 (allowing plaintiffs to amend the complaint to add a state-law wage claim because "defendants' failure to pay wages that would have been earned if the WARN Act notice obligation had been met" could constitute an "oppressive, fraudulent, or malicious" refusal to pay wages, in violation of a state wage law).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS - 9

Accordingly, because Defendants have not shown that Plaintiffs' Washington Wage Rebate Act claims fail as a matter of law, the Court will deny the motion to dismiss them.

2. *Plaintiffs Have Stated Valid Ohio Wage Claims.*

Defendants contend that Plaintiffs' Ohio wage claims should be dismissed for the same reasons that the Washington claims should be dismissed.

As explained with respect to the Washington claims, that Plaintiffs' Ohio wage claims assume a violation of the WARN Act is not a reason to dismiss the wage claims now, because the Court has ruled that the WARN Act claims withstand Defendants' motion to dismiss. Likewise, the Court finds that although the WARN Act explains that its remedies are the exclusive remedies for violation of the WARN Act (29 U.S.C. § 2104(b)), the statute explicitly does not preclude an employee from seeking "other contractual or statutory rights and remedies[.]" *See* 29 U.S.C. § 2105.

Defendants also argue that WARN Act damages do not constitute wages "earned" for purposes of Ohio's Prompt Pay Act, although they acknowledge that "earned" is not defined in the Act. Dkt. No. 21 at 14. Defendants cite to a Massachusetts state court case finding that WARN Act damages are not "earned," but it is not clear that this case has any applicability to Ohio's Prompt Pay Act. *See Calixto v. Coughlin*, 113 N.E.3d 329, 334 (Mass. 2018). As noted earlier, Plaintiffs have cited authority to support their contention that if they prevail on the merits of their WARN Act claims, WARN Act damages can constitute "wages" owed or withheld under state statutes. *See, e.g.*, *Las Vegas Sands*, 2001 WL 366784, at *1; *Kirkvold*, 1997 WL 34862262, at *2. Defendants have provided no authority compelling the Court to assume, on a motion to dismiss, that such "wages" cannot, as a matter of law, be "earned" for purposes of Ohio's Prompt Pay Act.

As Defendants have not cited any binding authority indicating that Plaintiffs' Ohio claims fail as a matter of law, the Court will deny the motion to dismiss them.

### III.  CONCLUSION

For these reasons, the Court DENIES Defendants' motion to dismiss (Dkt. No. 21).

Dated this 13th day of May, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge