**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JITTANIA SMITH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ZULILY, LLC, *et al.*,<br><br>Defendants. | CASE NO. 2:24-cv-01480-KKE<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CERTIFY A CLASS ACTION |

Plaintiffs filed a motion for class certification, which is not opposed by Defendants. Dkt. No. 50. The parties met and conferred to propose an order granting the class-certification motion. *See* Dkt. No. 52. For the following reasons, the Court grants the motions consistent with the terms jointly proposed by the parties.

## I. BACKGROUND

This matter is a putative class action under the Worker Adjustment Retraining and Notification Act of 1988 (the "WARN Act") and the wage payment laws for Washington, Ohio, and Nevada. Dkt. No. 33. Plaintiffs contend that, in October and December 2023, Defendant Zulily, LLC ("Defendant Zulily") violated the WARN Act and these state wage payment laws when it ceased operations, closed all its facilities, terminated substantially all its employees, and entered a state-law process known as an assignment for the benefit of creditors or "ABC" that is

analogous to bankruptcy. *Id.* Plaintiffs further contend that Defendant Zulily took these actions at the direction of Defendant Regent, L.P. ("Defendant Regent"), a private equity entity that Plaintiffs contend owned and controlled Defendant Zulily as one of its "portfolio companies." *Id.* As a result, Plaintiffs contend Defendant Regent is jointly and severally liable for the violations of the WARN Act and state wage payment laws under the single employer doctrine. *Id.* Accordingly, Plaintiffs sued both Defendants for the following causes of action: (a) Count I under the WARN Act; (b) Count II under Rev. Code Wash. § 49.52.050(2); (c) Count III under Ohio Rev. Code § 4113.15; (d) Count IV under Ohio Rev. Code § 2307.60; and (e) Count V under Nev. Rev. Stat. §§ 608.020, 608.040, 608.050. *Id.* Defendants contest all of Plaintiffs' arguments. *See* Dkt. No. 34. Thus far, the crux of the dispute appears to consist of the following three main issues.

First, while Defendants concede that shuttering Defendant Zulily in December 2023 resulted in "plant closings" or "mass layoffs" triggering the WARN Act's requirement of sixty days of advance notice or pay-in-lieu-of-notice to affected employees, they contend that employees who were working remotely and reporting to a direct supervisor who also worked remotely were not entitled to WARN Act notice. In contrast, according to Defendants, all other employees[1] were entitled to WARN Act notice, including employees who worked remotely and reported to a direct supervisor that worked in-person at one of the company's physical locations. In other words, Defendants made a distinction for remote employees with remote supervisors, claiming they were not countable at Defendant Zulily's physical locations for WARN Act purposes. Plaintiffs disagree and contend that all employees of Defendant Zulily laid off in

[1] Except for a handful of employees who remained employed to help transition Defendant Zulily into the ABC and therefore had continued employment for the sixty days required by the WARN Act.

December 2023 should have received the WARN Act's sixty days of advance notice or pay-in-lieu-of-notice. Plaintiffs further contend that having a direct supervisor who worked remotely is not a distinction that would remove these employees from the WARN Act's protections. As a result, Plaintiffs sued under the WARN Act on behalf of these remote employees with remote direct supervisors. On this claim, Plaintiffs Jittania Smith, Alex Douglas, and Samuel Prestwood intend to serve as class representatives.

Second, Plaintiffs contend that, in October 2023, Defendants conducted layoffs of employees reporting to Defendant Zulily's headquarters in Seattle, Washington that were part of ultimately shuttering those headquarters in December 2023 and terminating all remaining employees. Accordingly, Plaintiffs contend that, under the WARN Act, the employees affected by the October 2023 layoffs were entitled to the WARN Act's sixty days of advance notice or pay-in-lieu-of-notice which Defendants did not provide. As a result, Plaintiffs sued under the WARN Act on behalf of these employees laid off in October 2023. On this claim, Plaintiffs Kathryn Costello and Kirel Ahn intend to serve as class representatives.

Third, Plaintiffs contend that WARN Act liability constitutes "wages" under the wage payment laws of Washington, Ohio, and Nevada. These are the states in which almost all the employees affected by the October and December 2023 layoffs lived and worked. Accordingly, Plaintiffs sued under these state laws and seek the state law penalties on the sixty days of "wages" they contend are owed under the WARN Act. On these claims, Plaintiffs Jittania Smith and Kathryn Costello intend to serve as class representatives for the Washington state law claims, Plaintiffs Alex Douglas and Samuel Prestwood intend to serve as class representatives for the Ohio state law claims, and Plaintiff Kirel Ahn intends to serve as class representative for the Nevada state law claims.

On June 3, 2026, Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23. Dkt. No. 50. Their motion asked the Court to certify five classes: (a) one WARN Act class under Count I for the remote employees with remote direct supervisors who were denied WARN Act notice or pay-in-lieu-of-notice in December of 2023 (the "December Federal WARN Act Class"); (b) one WARN Act class under Count I for the employees reporting to the Washington headquarters who were laid off in October 2023 and denied WARN Act notice or pay-in-lieu-of-notice (the "October Federal WARN Act Class"); (c) one class of employees living and working in Washington at the time of their separations on the Washington state law wage payment claim in Count II (the "Washington State Class"); (d) one class of employees living and working in Ohio at the time of their separations on the Ohio state law wage payment claims in Counts III and IV (the "Ohio State Class"); and (e) one class of employees living and working in Nevada at the time of their separations on the Nevada state law wage payment claims in Count V (the "Nevada State Class"). The specific class definitions proposed by Plaintiffs are the following:

**The December Federal WARN Act Class**

> All employees of Defendant Zulily, LLC for whom the following is true: (i) whose employment was separated on or about December 13, 2023; (ii) who did not receive sixty days of advance notice of their separation or pay-in-lieu-of-notice; and (iii) who did not continue employment with Defendant Zulily, LLC as part of its transition into an assignment for the benefit of creditors.

**The October Federal WARN Act Class**

> All employees of Defendant Zulily, LLC for whom the following is true: (i) whose employment was separated on or about October 25, 2023; and (ii) who did not receive

sixty days of advance notice of their separation or pay-in-lieu-of-notice.

**The Washington State Class**

All employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State of Washington at the time of their separation.

**The Ohio State Class**

All employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State of Ohio at the time of their separation.

**The Nevada State Class**

All employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State of Nevada at the time of their separation.

Defendants consented to, and decided to not oppose, Plaintiffs' motion for class certification. Accordingly, on July 2, 2026, the Court ordered the parties to meet and confer regarding a proposed order granting Plaintiffs' motion. This Order is the product of that meet and confer and the Court's own independent review of Plaintiffs' motion for class certification.

## II. ANALYSIS

Class actions are governed by Federal Rule of Civil Procedure 23, which "provides a procedural mechanism for a federal court to adjudicate claims of multiple parties at once, instead

of in separate suits.” *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc) (citation modified). “Before it can certify a class, a district court must be satisfied, after a rigorous analysis, that the prerequisites of both Rule 23(a) and 23(b)(3) have been satisfied.” *Id.* at 664 (citation modified). “[P]laintiffs may use any admissible evidence” in showing that these prerequisites are met. *Id.* at 665–66. “That being said, merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.” *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1233 (9th Cir. 2024) (citation modified).

Under these standards, WARN Act claims are “particularly amenable” to class action litigation and federal courts have consistently certified them under Rule 23. *Collins v. Gee West Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362, at *2–5 (W.D. Wash. May 9, 2009); *see also Belendez-Desha v. Jaf Comm., Inc.*, No. 24-CV-00741 (MMG), 2024 WL 5155748, at *2 (S.D.N.Y. Dec. 18, 2024) (“Courts have regularly held that the WARN Act is particularly amenable to class litigation.” (citation modified)); *Jones v. Jerome Golden Ctr. for Behavioral Health, Inc.*, No. 9:19-cv-81422-ROSENBERG/REINHART, 2020 WL 3118311, at *3 (S.D. Fla. Mar. 25, 2020) (“In fact, courts have described WARN Act lawsuits as ‘particularly amenable’ to the class vehicle because the WARN Act applies only to actions affecting large numbers of employees.”); *Bergman v. Thelen LLP*, No. 3:08-cv-05322-LB, 2016 WL 7178529, at *5 (N.D. Cal. Dec. 9, 2016) (“Claims under the WARN Act are particularly amenable to class litigation.” (citation modified)); *Day v. Celadon Trucking Servs.*, No. 4:09-cv-0031-SWW, 2010 WL 3270760, at *5 (E.D. Ark. Aug. 16, 2010) (“[T]he WARN Act depends on the resolution of issues that are common to all class members, and the question is particularly well-suited for class action procedure.”); *Kirkvold v. Dakota Pork Indus., Inc.*, No. CIV 97-4166, 1997 U.S. Dist. LEXIS

24382, at *6 (D.S.D. Dec. 15, 1997) (same and also certifying a claim under the state law wage payment statute). With these principles in mind, the Court turns to its analysis of the requirements for class certification under Rule 23.

**A. Plaintiffs Have Satisfied the Rule 23(a) Requirements.**

**1. Numerosity**

"Rule 23(a)(1) requires a party seeking class certification to show that 'the class is so numerous that joinder of all members is impracticable.'" *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 835 (9th Cir. 2022) (quoting Rule 23(a)(1)). "[T]his 'numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations.'" *Id.* (quoting *Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C.*, 446 U.S. 318, 330 (1980)). "Although the size of the class 'is not the sole determining factor' … 'where a class is large in numbers, joinder will usually be impracticable.'" *A.B.*, 30 F.4th at 836. "By contrast, where the size of the class is more modest … 'other factors' bearing upon the feasibility and convenience of joinder may assume more significance" such as "'the geographical diversity of class members, the ability of individual claimants to institute separate suits … and the ability to identify and locate class members.'" *Id.* at 835–36; *Rivera v. Holder*, 307 F.R.D. 539, 550 (W.D. Wash. 2015) ("Relatively small class sizes have been found to satisfy this requirement ….").

Here, all proposed classes meet the numerosity requirement. As explained by Plaintiffs in their motion, and as substantiated by deposition testimony from Defendant Zulily's Rule 30(b)(6) representative, the December Federal WARN Act class consists of 304 remote employees with remote direct supervisors who were denied WARN Act notice or pay-in-lieu-of-notice, the October Federal WARN Act class has 179 members, the Washington State Class has 238 members, and the Ohio State Class has 208 members. Finally, while the Nevada State Class

has only 7 members, the Court finds it would "impracticable" for each of these members to bring individual claims under Nevada's wage payment laws for the reasons specified in Plaintiff's motion. *A.B.*, 30 F.4th at 835–36; *Rivera*, 307 F.R.D. at 550.

**2. Commonality**

"Rule 23(a)(2) provides that a plaintiff may sue as a representative member of a class only if 'there are questions of law or fact common to the class.'" *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1153 (9th Cir. 2016). "The requirement of 'commonality' means that the class members' claims 'must depend upon a common contention' and that the 'common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* (citing and quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). As this Court and others in this circuit have previously found, "the WARN Act require[s] the same legal and factual determinations for all plaintiffs." *Collins*, 2009 WL 10725362, at *3 (finding "commonality" in a WARN Act class action); *see also Yauney v. HCI, LLC*, No. 5:22-cv-1769-WLH-SHK, 2024 WL 4875377, at *2 (C.D. Cal. Oct. 3, 2024) ("The claims in this suit depend upon one common contention …."); *Philips v. Munchery, Inc.*, No. 19-cv-00469-JSC, 2020 WL 6135996, at *4 (N.D. Cal. Oct. 19, 2020) ("[E]ach employee has allegedly suffered the same injury under the WARN Act ….").

Here, all proposed classes meet the commonality requirement. The December Federal WARN Act Class members have one common issue that is dispositive of their claims: whether their "single site of employment" under the WARN Act was one of Defendant Zulily's physical locations or the home of their direct supervisor. For the October Federal WARN Act Class, they have that same common issue and the issue of whether their layoff should be included as part of

the "plant closings" in December 2023. For the state law classes, the common factual and legal issue is whether the Washington, Ohio, or Nevada wage payment statutes afford additional penalties for failure to timely pay WARN Act back pay. Last, all classes share the common issue of Defendant Regent's liability under the single employer doctrine.

**3. Typicality**

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A.B.*, 30 F.4th at 839 (citation modified). "Because the considerations underlying the two requirements overlap considerably, the Supreme Court has noted that the commonality and typicality requirements of Rule 23(a) tend to merge." *Id.* (citation modified). Importantly, "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *DZ Reserve*, 96 F.4th at 1238 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338 (quoting Rule 23(a)(3))).

All proposed classes meet the typicality requirement. Here, Plaintiffs' claims are not just typical of the class members' claims, they appear to be largely identical with no differentiating factors relevant to Rule 23.

**4. Adequacy of Representation**

"The adequacy [of representation] inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). "The initial inquiry in assessing

adequacy of representation, then, is whether 'the named plaintiffs and their counsel have any conflicts of interest with other class members." *Id.* (quoting *Hanlon*, 150 F.3d at 1020). Additionally, the district court must also ensure "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539, 566–67 (9th Cir. 2019). Finally, this adequacy-of-representation analysis also reviews the "zeal and competence of the counsel and party who wish to prosecute the action." *Kautsman v. Carrington Mortg. Servs., LLC*, No. C16-1940-JCC, 2018 WL 6199013, at *4 (W.D. Wash. Nov. 27, 2018) (quoting *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975)).

All proposed classes meet the adequacy of representation requirements. Plaintiffs and their counsel have no conflicts of interest with any members of the proposed classes, their interests are aligned, and the named Plaintiffs have agreed to serve as class representatives. Finally, Plaintiffs are represented by skilled counsel who are experienced in both employment litigation and class-action litigation.

**B. Plaintiffs Have Satisfied the Rule 23(b)(3) Requirements.**

The proposed classes "must [also] fit into at least one of the three categories outlined in Rule 23(b)." *DZ Reserve*, 96 F.4th at 1232. Here, Plaintiffs seek certification of damages classes under Rule 23(b)(3). This rule "requires both that 'questions of law or fact common to class members predominate over any questions affecting only individual members,' and that a class action be 'superior to other methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Rule 23(b)(3)). Additionally, the plaintiffs must show "ascertainability" by establishing that class members are capable of being identified so they may receive notice and an opportunity to opt-out. *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 631–32 (9th Cir. 2020).

**1. Predominance**

The predominance requirement of Rule 23(b)(3) "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1023 (9th Cir. 2024).

In this case, the liability of Defendants for the WARN Act turns on common issues, and so this matter lacks any non-common individual issues other than the amount of damages to which each class member is entitled. But "a district court is not precluded from certifying a class even if plaintiffs may have to prove individualized damages at trial, a conclusion implicitly based on the determination that such individualized issues [on damages] do not predominate over common ones" on liability. *Olean*, 31 F.4th at 668–69; *Perez v. Alta-Dena Certified Dairy, LLC*, 741 F. App'x 365, 366 (9th Cir. 2018) ("Although individual damages calculations will invariably be required, they do not defeat a finding of predominance."). Moreover, the individualized damages assessments are not even that individualized and instead are subject to a common formula of 60 days of backpay at each class member's pay rate under the WARN Act and a flat penalty under the respective wage payment statutes of Washington, Nevada, and Ohio. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–16 (9th Cir. 2013) (reversing a denial of class certification under Rule 23(b)(3) and holding that individualized damages did not "predominate" over common issues where formulas could calculate those individualized damages of each class member).

The Court therefore finds the predominance requirement met and follows prior decisions agreeing with this conclusion in other WARN Act cases. *Collins*, 2009 WL 10725362, at *4 ("[M]ost of the determinations to be made under [the] WARN Act will apply to most or all of the

class members … [and] the presence of this individualized inquiry [on damages] should not preclude certification."); *see also Yauney*, 2024 WL 4875377, at *3 ("Courts in this Circuit have found that proposed classes in similar WARN Act cases meet the predominance requirement."); *Philips*, 2020 WL 6135996, at *5 ("[T]he Court concludes that common questions of law and fact predominate.").

**2. Superiority**

The superiority requirement of Rule 23(b)(3) exists "to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting 7AA CHARLES WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 1779 at 174 (3d ed. 2005)). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id.* Moreover, the "superiority test requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair." *Id.* at 1175–76. "Generally, the factors relevant to assessing superiority include '(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.'" *Id.* (quoting Rule 23(b)(3)(A)–(D)).

The Court finds that the superiority requirement is met. Here, there is no doubt that pursuing these WARN Act claims, and related state law claims, as a class action would be far superior to individual lawsuits. As this Court previously found when it certified a WARN Act class action, "[c]lass members would be unlikely to bring WARN Act suits individually, given

the small monetary size of their claims." *Collins*, 2009 WL 10725362, at *4. Additionally, "all members would individually endeavor to prove the same basic facts" and so "the class members have little interest in individually prosecuting separate actions." *Id.* And any administrative difficulties would "be minor in comparison to either the inefficiency of individually litigating [hundreds of] nearly identical cases." *Id.*, at 5. Other district courts in this circuit have reached the same conclusion. *See, e.g.*, *Yauney*, 2024 WL 4875377, at *3 (certifying a WARN Act class action and finding "superiority" under Federal Rule of Civil Procedure 23(b)(3)); *Philips*, 2020 WL 6135996, at *6 ("[A]ll of the major issues in dispute are subject to common proof.").

### 3. Ascertainability

Finally, the Court finds that all proposed classes have ascertainability. *Walker*, 953 F.3d at 631–32 (discussing the "ascertainability" requirement for a Rule 23(b)(3) damages class). Here, all members of the proposed classes are known by name along with their job titles, rate of pay, work locations, direct supervisors, direct supervisor's work locations, and several other details necessary to place them in the correct class, calculate their damages, and send them notice of this class action.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Court GRANTS Plaintiffs' unopposed motion for class certification (Dkt. Nos. 50, 52) as follows:

1. The Court certifies the following classes under Federal Rule of Civil Procedure 23(b)(3):

   a. On Count I, all employees of Defendant Zulily, LLC for whom the following is true: (i) whose employment was separated on or about December 13, 2023; (ii) who did not receive sixty days of advance notice of their separation or pay-in-lieu-of-

notice; and (iii) who did not continue employment with Defendant Zulily, LLC as part of its transition into an assignment for the benefit of creditors (the "December Federal WARN Act Class"). Plaintiffs Jittania Smith, Alex Douglas, and Samuel Prestwood are appointed as class representatives for the December Federal WARN Act class.

b. On Count I, all employees of Defendant Zulily, LLC for whom the following is true: (i) whose employment was separated on or about October 25, 2023; and (ii) who did not receive sixty days of advance notice of their separation or pay-in-lieu-of-notice (the "October Federal WARN Act Class"). Plaintiffs Kathryn Costello and Kirel Ahn are appointed as class representatives for the October Federal WARN Act Class.

c. On Count II, all employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State of Washington at the time of their separation (the "Washington State Class"). Plaintiffs Jittania Smith and Kathryn Costello are appointed as class representatives for the Washington State Class.

d. On Counts III and IV, all employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State of Ohio at the time of their separation (the "Ohio State Class"). Plaintiffs Alex Douglas and Samuel Prestwood are appointed as class representatives for the Ohio State Class.

e. On Count V, all employees of Defendant Zulily, LLC for whom the following is true: (i) who are members of the December Federal WARN Act Class or October Federal WARN Act Class; and (ii) who were living and/or working in the State

of Nevada at the time of their separation (the "Nevada State Class"). Plaintiff Kirel Ahn is appointed as class representative for the Nevada State Class.

2. Under Rule 23(c) and Rule 23(g), the Court appoints as class counsel the following attorneys: Jason E. Starling, John C. Camillus, and Jason A. Rittereiser (collectively, "Class Counsel").

3. No later than August 11, 2026, the parties must meet and confer and then submit to the Court for its approval a proposed written notice to class members that complies with Rule 23(c)(2)(B). If the parties cannot agree on a proposed written notice, then they should submit competing written notices for the Court's consideration no later than August 11, 2026. Within fourteen days of this Court's approval of the written notice, Class Counsel shall promptly distribute the written notice to all class members through Unites States mail at their last known address in the records of Defendants.

Dated this 28th day of July, 2026.

Kymberly K Evanson

Kymberly K. Evanson
United States District Judge